## Joseph Cloidt and William Silk, Partners, etc., v. William Wallace.

1. LIBEL—*Pleading General Issue and Notice of Justification.* —Where a defendant denies responsibility for a part of a libelous article published in a newspaper, he can not be compelled to justify such part in order to prove the truth of the part authorized by him. And when he pleads the general issue and gives notice that he will prove on the trial the truth of a part of the alleged libel, he may deny a part under his plea and justify as to a part under his notice, where such parts are separable.

Memorandum.—Action for libel. In the Circuit Court of Kankakee County; the Hon. NATHANIEL J. PILLSBURY, Judge, presiding. Declaration in case; plea of general issue and notice of justification; trial by jury; verdict and judgment for defendant; error by plaintiffs. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 13, 1894.

DANIEL H. PADDOCK, attorney for plaintiffs in error.

EDGAR ELDREDGE, attorney for defendant in error; HARRISON LORING, of counsel.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

Plaintiffs in error brought suit against defendant in error for damages to them as partners in the business of buying stock and grain in the village of Sollitt, on account of an alleged libel published in the Momence Reporter, and charged to have been printed at the instance of defendant in error. There was a verdict for defendant on which judgment was entered against plaintiffs for costs.

On the trial plaintiffs proved the publication of the article, which was as follows:

"GRANT PARK, Sept. 14, 1886.

EDITOR REPORTER : Last Monday I took twelve hogs to Cloidt & Silk at Sollitt, and on the way I took the trouble to weigh them on William Keeney's scales, which have just been placed in good repair. On weighing in Sollitt they

fell short 140 pounds. Thomas Wheeler, Chris. Deerson and several others have been making similar complaint of the same firm. Good prices and defective weights seem to be the rule of the firm. The question is, are their scales defective, or is their mental calculation deficient?

WILLIAM WALLACE."

Plaintiffs also introduced evidence that the publisher of the newspaper wrote the article in a drug store at Grant Park from statements made by the defendant, and attached defendant's name to it, and that defendant read it over and asked the publisher to put it in the paper. Defendant denied having read what was written by the publisher of the paper, or having any knowledge that the last two sentences of the article were contained in such writing. He admitted stating the matters of fact contained in the article to the publisher, who was gathering news for his paper, and said that they were read over to him, but that the last two sentences were not read, nor was their publication authorized by him. He was permitted to introduce evidence of the truth of that portion of the publication which he admitted having authorized, and this was objected to on the ground that it was not permissible under the pleadings. Defendant had pleaded the general issue and under that plea had given notice that he would prove on the trial the truth of that part of the alleged libel concerning which the evidence was admitted. The objection was that the notice did not cover the whole of the libelous matter and that defendant had no right to give notice that he would prove the truth of any part of the alleged libel unless he did so as to all of it. Defendant denied any responsibility for part of the article, and should not be compelled to justify that part in order to prove the truth of that portion which he authorized. He could deny a part under the plea of the general issue, and justify as to a part under his notice as the circumstances of the case might be. We think the evidence of justification was properly admitted. The part justified was not connected with that denied so as to be inseparable as a part of the charge. If plaintiffs established their case

as to either part they would be entitled to recover, and we think defendant might plead differently to the different parts, denying as to one part and justifying as to another.

It is urged that the court erred in giving an instruction at the request of defendant, stating in substance that if defendant did not use the words contained in the last two sentences of the article he would not be responsible for their use unless, with full knowledge of what the reporter had said, he told him to publish such language. The only evidence that defendant authorized the publication of the article was the testimony of the publisher of the paper, that defendant asked him to put it in the paper, and consequently plaintiffs could not have been injured by an apparent exclusion of any other method of giving such authority. It is also claimed that the verdict was against the evidence, but we do not think that the claim is well founded. The only serious controversy as to matter of fact was whether defendant authorized the publication of the portion of the article which he denied, and this rested on the evidence of the publisher of the paper on one side and defendant on the other. The jury believed defendant, and we see nothing from which we can say that they were wrong. The judgment will be affirmed.